# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| John McKinnon, | Case No. 1:12 CV 1527 |
| Plaintiff, | Judge Donald C. Nugent |
| v. | |
| | **Memorandum of Opinion & Order** |
| Heather Green, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff John McKinnon filed this action against Defendants Heather Green and Rion MacConnell alleging violations of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). He seeks monetary relief.

## I.  Background

Plaintiff is a state prisoner, currently incarcerated at Red Onion State Prison in Pound, Virginia. He alleges that, in January 2011, he learned through an advertisement in "Prison News" magazine of a mail order vendor company named "U.S. Mint Green." (ECF 1 at 1). Plaintiff states that U.S. Mint Green's advertisement offered to find and locate family and friends for inmates, and then send inmates their phone numbers and addresses. (ECF 1 at 1). The advertisement also stated that U.S. Mint Green "does internet research on any topic, charging $5.00 (or 12 stamps) for 10 pages of internet material." (ECF 1 at 1). It appears Defendants Green and MacConnell are

1

employees of U.S. Mint Green.[1]

Plaintiff claims he sent U.S. Mint Green a letter (including 12 stamps plus an additional stamp for postage) to receive the addresses of his grandfather and a "female acquaintance and her cousin." (ECF 1 at1). He claims the information he received back from U.S. Mint Green "was totally false, which was ascertained by the fact that it said my grandfather was younger (25 years of age) than I!" (ECF 1 at 1). Plaintiff then sent a notice to U.S. Mint Green in March 2011 seeking a refund.

In July 2012, Plaintiff sent another letter to U.S. Mint Green (including 13 stamps as before) in which he requested "10 pages of foot-fetish material printed from an internet website." (ECF 1 at 1). He claims he has still not received this material. Plaintiff maintains he has made diligent efforts to report U.S. Mint Green's conduct and obtain a refund. He states he filed claims with the Council of Better Business Bureaus, which referred him to the Consumer Protection Section of the Ohio Attorney General's Office. It appears from the documentation attached to his Complaint that Plaintiff received a $10 refund from U.S. Mint Green in response to an inquiry from the Ohio Attorney General's Office regarding Plaintiff's allegations. (ECF 1-2 at 2). Plaintiff also states he wrote a letter to the United States Department of Justice– Civil Rights Division. He asserts he has not received a response.

On June 14, 2012, Plaintiff filed the instant Complaint alleging violations of the "Tort Claims Act" and seeking compensatory and punitive damages. (ECF 1). On August 13, 2012, Plaintiff filed

---

[1] According to the Better Business Bureau's online Business Review, U.S. Mint Green is a limited liability corporation located in Dayton, Ohio. Defendant Green is listed as the Vice President of U.S. Mint Green and Defendant MacConnell as a "member." See http://www.bbb.org/dayton/business-reviews.

2

a Motion to Amend his Complaint. (ECF 3). In this Motion, Plaintiff explained he recently learned that the Federal Tort Claims Act does not provide for punitive damages. He therefore sought to amend the nature of the monetary relief requested in his initial complaint. (ECF 3). The Court granted his motion on August 31, 2012. (ECF 5).[2] In his Amended Complaint, Plaintiff clarifies that he is seeking "monetary damages for deprivation of property in the amount of $12.00" and "compensatory damages for intentional torts in the amount of $1,000 for each defendant." (ECF 3-1 at 1).

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[2] Plaintiff also filed a Motion for Default Judgment (ECF 4) on August 23, 2012, stating "[t]he court files and record herein show that the defendants were served . . . with a copy of the summons, and a copy of the Plaintiff's complaint." Noting that the docket does not reflect service of process, the Court denied Plaintiff's Motion for Default Judgment. (ECF 5).

[3] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff states he is asserting claims against Defendants Green and MacConnell under the Federal Tort Claims Act, or "FTCA," which is codified at 28 U.S.C. §§ 2671-2680 (ECF 3 at 1; ECF 1 at 1).

The United States Supreme Court has explained that "[t]he Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of **federal employees** acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976) (emphasis added). Specifically, pursuant to 28 U.S.C. § 1346(b), the FTCA encompasses injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

4

employment . . . " *See* 28 U.S.C. § 1346(b). The Act defines "employee of the Government" to include "officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States with or without compensation." 28 U.S.C. § 2671.

The Court finds Plaintiff's FTCA claims against Defendants Green and MacConnell are without merit because there is no indication that these Defendants are "employees of the Government" as defined in § 2671 of the FTCA. Although Defendants are apparently employed by an entity called "U.S. Mint Green," Plaintiff has set forth no allegations to suggest (and there is no indication whatsoever) that U.S. Mint Green is a federal agency or that it has any connection to the federal government. In the absence of such a showing, Defendants Green and MacConnell are simply not subject to liability under the FTCA.

Accordingly, the Court finds Plaintiff's claims fails as a matter of law and are, therefore, subject to dismissal pursuant to § 1915(e).

### III. Conclusion

Accordingly, this action is dismissed pursuant to § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 10/16/12*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."